UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| RONALD G. SPARKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 04cv1160 (RJL) |
| | ) | |
| JOHN ASHCROFT, *et al*, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM ORDER
(March 20, 2007)[#5]

Ronald Sparks has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Currently before the Court is the Government's motion to transfer the petition to the United States Court of Appeals for the Tenth Circuit. For the following reasons, the Government's motion will be GRANTED.

### BACKGROUND

On April 29, 1999, Sparks was convicted of mail fraud, money laundering and engaging in monetary transactions involving property derived from unlawful activity in the United States District Court for the Western District of Oklahoma. Government's Mot. to Transfer, p. 1. He was subsequently sentenced to 135 months incarceration, three years of supervised release and ordered to pay restitution of $6,862,494.10. *Id* at p. 2. Sparks appealed his conviction to the Tenth Circuit, but his conviction was affirmed on May 2, 2001.

On August 5, 2002, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Judge David Russel denied the motion on May 8, 2003. The Tenth Circuit denied the petitioner's request for a certificate of appealability and dismissed his appeal on February 23, 2004. Sparks then moved to modify the judgment under F.R.C.P. 60(b)(5) and (6) which Judge Russell construed as a second § 2255 motion and dismissed on March 28, 2005. Sparks next petitioned for a writ of error coram nobis which the court again construed as a § 2255 motion and transferred to the Tenth Circuit on August 3, 2005.

## ANALYSIS

On July 9, 2004, the petitioner filed the instant petition for a writ of habeas corpus, challenging the federal government's power to charge him with a crime. As Sparks has challenged the validity of his sentence rather than the execution of that sentence, the Court will construe his petition as one brought under § 2255 rather than § 2241. *Thorpe v. U.S.*, 445 F.Supp.2d 18, 20 (D.D.C. 2006)(*quoting Hartwell v. U.S.*, 353 F.Supp. 354 (D.D.C. 1972)("It is settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement.")).

A petition to vacate the petitioner's sentence under § 2255 must be filed in the district that imposed the sentence. 28 U.S.C. § 2255. A second or successive motion must be certified by a panel of the appropriate court of appeals. *Id.* As Sparks was

sentenced by the United States District Court for the Western District of Oklahoma and insofar as he has already filed several § 2255 motions, his petition should have been filed with the Tenth Circuit. Accordingly, the Court will GRANT the Government's motion to transfer the petition to the Tenth Circuit.

RICHARD J. LEON
United States District Judge